[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11663
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-62384-RSR

UTHUPPAN JACOB,

Plaintiff - Appellant,

versus

KOREAN AIR LINES CO. LTD,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 20, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Uthuppan Jacob appeals from the district court's grant of

summary judgment in favor of Defendant-Appellee Korean Air Lines Co. Ltd.

("KAL"), in Jacob's suit alleging that he suffered injuries as the result of his travel

on a KAL flight from Honolulu, Hawaii to India on September 6-7, 2011.  KAL, for its part, says that Jacob was not carrying proper immigration documentation on the flight, and as a result, KAL was ordered by the Indian government to return Jacob to the United States.  The parties do not dispute that Jacob's claims are governed by a treaty known as the Montreal Convention,[1] which provides the exclusive cause of action to passengers who suffer "bodily injury" caused by an "accident" during "international carriage by air," within the meaning of Articles 1 and 17 of the Convention.  The district court granted KAL's motion for summary judgment on Jacob's Montreal Convention claim on the ground that Jacob failed to present sufficient evidence of a "bodily injury" caused by an "accident," and dismissed Jacob's conversion claim on the ground that it was preempted by the Convention.  On appeal, Jacob argues that the district court erred in granting summary judgment because it did not "flexibly" apply the term accident; it improperly required expert testimony concerning causation; and it improperly shifted the burden of proof to Jacobs.  After careful review, we affirm.

We review a district court's grant of summary judgment de novo.  Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002).  Summary judgment is proper when the evidence, viewed in the light most favorable to the nonmovant,

---

[1] See The Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999 (entered into force on Nov. 4, 2003), reprinted in S. Treaty Doc. No. 106–45, 1999 WL 33292734 ("Montreal Convention").

presents no genuine issue of material fact and compels judgment as a matter of law. Fed.R.Civ.P. 56(a). A movant also may carry its summary judgment burden by showing an absence of evidence to support the nonmovant's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). But "[a] mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004).

Liability exists under Article 17 of the Montreal Convention only if an "accident" caused a plaintiff's death or injury. An "accident" under the Convention is an "unexpected or unusual event or happening that is external to the passenger." Air France v. Saks, 470 U.S. 392, 405 (1985).[2] "This definition should be flexibly applied after assessment of all the circumstances surrounding a passenger's injuries." Id. However, "when the injury indisputably results from the passenger's own internal reaction to the usual, normal, and expected operation of the aircraft, it has not been caused by an accident." Id.

Here, Jacob claimed several "accidents" that caused him injury, including: (1) an employee's theft of $2,000 in cash from Jacob; (2) the "denial of access to medicine" in Mumbai when his luggage was checked (and again on his return flight when he stopped over in Seoul, where he did not have access to his checked

---

[2] Courts interpreting the Montreal Convention may rely on authority concerning its predecessor, the Warsaw Convention, where provisions of both conventions are similar. See, e.g., Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1177 (11th Cir.), cert. denied, 135 S. Ct. 759 (2014).

luggage); (3) KAL's failure to call a physician for him at the gate in Mumbai or upon his arrival in Seoul; (4) the failure to provide Jacob with diabetic meals on any flight on his return from Mumbai to Honolulu; (5) KAL's failure to allow Jacob to "stroll the transit facility" or go through immigration in Seoul; (6) Jacob's "detention" in the holding area in Seoul; (7) KAL's failure to feed or provide "proper hydration" to Jacob in the holding facility in Seoul; and (8) KAL's "failure to assist" Jacob when he fell back into his seat because of his swollen legs.  Jacob also sets forth several injuries he believes KAL caused -- namely, his swollen legs, his later need to begin treating his diabetes with insulin, his later chest pains requiring open-heart surgery, and mental anguish.

Even assuming that the incidents Jacob described properly constituted "accidents" under the Montreal Convention, we agree with the district court that Jacob failed to provide any medical evidence that any of the alleged "accidents" caused or even contributed to his injuries.  Although causation is an issue generally left to a jury, the medical causation in this case -- which involves technical and scientific issues concerning diabetes and heart disease -- falls beyond the scope of a layperson's knowledge and requires competent medical testimony. See, e.g., Allison v. McGahn Med. Corp., 184 F.3d 1300, 1320 (11th Cir. 1999) (holding, under Georgia law, that expert medical testimony was essential to prove that silicone breast implants caused plaintiff's systemic disease); Carroll v. Beto, 421

4

F.2d 1065, 1068 (5th Cir. 1970) (holding that lay testimony was not sufficient to establish competence to stand trial, and that "expert testimony [was] essential");[3] see also Wills v. Amerada Hess Corp., 379 F.3d 32, 36–37, 41 (2d Cir. 2004) (holding, where the estate of a deceased seaman suing under the Jones Act claimed that long-term exposure to toxic chemicals caused the decedent's death, that "expert testimony on the issue of causation is necessary in Jones Act cases where a lay juror could not be expected to intuit the causal relationship between the acts in question and the injury"); Mitchell v. United States, 141 F.3d 8, 13 (1st Cir. 1998) (holding, under Massachusetts law, that "a plaintiff in a medical malpractice action may carry his or her burden of proof on the issues of negligence and causation only with the assistance of expert testimony."). Yet the medical records Jacob proffered did not support his theory that the alleged "accidents" caused the injuries of which he complains. Rather, the records showed that Jacob underwent several tests all of which were negative, his complaints had subsided, and he was discharged that same day without any follow up treatment.

In fact, Jacob failed to submit any medical-expert evidence at all in opposition to summary judgment. He claimed as proof that the flight caused bodily injury the fact that he was transported off the aircraft by wheelchair and underwent tests in a hospital. However, as the district court noted, simply because

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

5

someone asks for a wheelchair and makes vague complaints of injury resulting in the taking of several diagnostic tests does not translate into proof of an injury. Further, contrary to Jacob's argument that the district court erred in requiring a showing of permanent injury, the record shows that the court did not impose this requirement. Instead, the court simply addressed and rejected Jacob's claim that he sustained long-term diabetic and cardiac injuries as a result of his KAL travel. For these reasons, the district court did not err in granting summary judgment to KAL on the Montreal Convention claim. See Webster v. Offshore Food Serv., 434 F.2d 1191, 1193 (5th Cir. 1970) (granting summary judgment for the defendant, the only party who submitted medical expert testimony on "on technical questions of medical causation beyond the competence of lay determination").

Nor did the district court err in concluding that the Montreal Convention bars purely mental injuries. See Eastern Airlines, Inc. v. Floyd, 499 U.S. 530, 534 (1991). As for Jacob's attempts to characterize his physical injuries as manifestations of mental distress, at best, "mental injuries are recoverable under Article 17 only to the extent that they have been caused by bodily injuries." Ehrlich v. Am. Airlines, Inc., 360 F.3d 366, 400 (2d Cir. 2004). Jacob's causation, however, is backwards -- the Convention simply does not provide a remedy for subsequent physical manifestations of an earlier emotional injury.

Finally, to the extent Jacob is reviving his conversion claim, the district court did not err in dismissing it.  Jacob claimed before the district court that his allegation that KAL agents took $2,000 from him fell "outside" of the Montreal Convention.    But, as the district court held, Article 17.2 of the Montreal Convention provides the exclusive remedy for a claim for property lost or damaged during international carriage.    Accordingly, the district court did not err in dismissing this claim.

**AFFIRMED**.